IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-119-D

| | | |
|---|---|---|
| CHRISTINE KONAR | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OCWEN LOAN SERVICING LLC, et al., | ) | |
| | ) | |
| Appellees. | ) | |

On June 28, 2019, Christine Konar ("Konar" or "appellant") filed a notice of appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina ("the bankruptcy court") denying Konar's motion to reconsider the order denying her motion for extension of time and motion for reconsideration [D.E. 1, 1-1, 1-2]. On August 1, 2019, Konar filed a copy of the bankruptcy record on appeal [D.E. 7]. On that same date, Ocwen Loan Servicing, LLC ("Ocwen"),[1] U.S. Bank N.A., as Trustee, for the Registered Holders of CSMC Asset-Backed Trust 2007-NCI OSI, CSMC Asset-Backed Pass Through Certificates, Series 2007-NC1 OSI ("U.S. Bank"),[2] and Mortgage Electronic Registration Systems, Inc. ("MERS")[3] (collectively, "appellees")

---

[1] Ocwen is now part of PHH Mortgage Corporation, but the court will refer to the entity as Ocwen. See [D.E. 24] 5 n.1.

[2] Konar names "U.S. Bank, N.A." in her notice of appeal, but the proper name is "U.S. Bank N.A., as Trustee, for the Registered Holders of CSMC Asset-Backed Trust 2007-NC1 OSI, CSMC Asset-Backed PassThrough Certificates, Series 2007-NC1 OSI." [D.E. 24] 5 n.2.

[3] Konar names "MERS-MERSCORP" in her notice of appeal, but "'MERS' is properly identified as Mortgage Electronic Registration Systems, Inc., while 'MERSCORP' is properly identified as MERSCORP Holdings, Inc." [D.E. 24] 5 n.3. The court accepts and adopts appellee's interpretation of the appeal as addressing only Mortgage Electronic Registration Systems, Inc. See id.

filed a statement of issues and contents to be included in the bankruptcy record on appeal [D.E. 8]. On August 4, 2019, Brock and Scott, PLLC ("B&S") and Trustee Services of Carolina, LLC ("TCS") jointly moved to be dismissed from or terminated as party to Konar's appeal [D.E. 12]. On August 19, 2019, Konar filed a "petition in interpleader permissive joinder of parties [sic]" [D.E. 17], and on August 26, 2019, moved for permissive joinder of parties (collectively, "the joinder motions") [D.E. 18]. Both motions seek to join B&S, TSC, and Shapiro & Ingle, LLP ("S&I") to this case. See [D.E. 17, 18]. On September 3, 2019, Konar filed her opening brief [DE. 19]. On September 10, 2019, B&S, TSC, and S&I responded in opposition to the joinder motions [D.E. 21]. On September 23, 2019, Konar replied [D.E. 23]. On October 3, 2019, appellees responded [D.E. 24].

As explained below, the court affirms the bankruptcy court's denial of Konar's motion to reconsider the order denying her motion for extension of time and motion for reconsideration, grants B&S and TSC's motion for dismissal from the appeal, and denies as moot Konar's joinder motions.

I.

Konar resided at 322 Lafayette Street, Wilmington, North Carolina ("the property"). See [D.E. 24] 7. In 2015, foreclosure proceedings began in Pender County Superior Court concerning the property. See id. at 8. On May 7, 2018, Konar filed a Chapter 13 bankruptcy action in the bankruptcy court. See id. at 7. As of that date, U.S. Bank held a first priority lien on the property. See id. at 8. Konar's Chapter 13 Plan, however, did not propose payments to U.S. Bank or Ocwen, the loan servicer. See id. On July 25, 2018, Konar objected to U.S. Bank's proof of claim, and on August 27, 2018, Ocwen responded in opposition to Konar's objection. See id.

On June 1, 2018, Konar filed an adversary proceeding complaint against Ocwen, U.S. Bank, B&S, TSC, Troutman Sanders LLP ("T&S"), Fidelity Title Insurance Co. of NY ("Fidelity"), and

2

MERS (collectively, "defendants"). See id. On August 6, 2018, each defendant moved to dismiss the adversary proceeding complaint. See id. On August 29, 2018, Konar responded in opposition. See id. On October 24, 2018, during a hearing, the bankruptcy court dismissed B&S, T&S, and TSC. See id. at 8–9. The bankruptcy court took the matter under advisement concerning the remaining defendants. See id. at 9. On November 5, 2018, Konar filed an addendum to support or deny dismissal. See id. On November 6, 2018, the remaining defendants filed a supplemental brief in support of the motion to dismiss Konar's adversary proceeding complaint. See id. On December 27, 2018, Konar responded to the supplemental brief. See id. On January 18, 2019, the remaining defendants jointly replied in opposition. See id.; [D.E. 8-2] 14–18. On February 14, 2019, the bankruptcy court granted the remaining defendants' motion to dismiss the adversary proceeding. See [D.E. 24] 9.

On January 7, 2019, Ocwen and U.S. Bank objected to the confirmation of Konar's Chapter 13 Plan. See id. On February 25, 2019, Konar moved for an extension of time and for reconsideration of the bankruptcy court's dismissal of the adversary proceeding. See id. at 10. On April 17, 2019, the bankruptcy court held a hearing on Konar's motions and the objection to the confirmation of Konar's Chapter 13 Plan. See id. Konar did not attend. See id. On April 22, 2019, the bankruptcy court denied Konar's motion for extension of time and for reconsideration. See id. On that same date, the bankruptcy court denied Konar's objection concerning U.S. Bank and Ocwen's proof of claim. See id. On April 25, 2019, the bankruptcy court sustained Ocwen and U.S. Bank's objection to the confirmation of Konar's Chapter 13 Plan. See id. On April 29, 2019, the Chapter 13 Trustee ("the Trustee") moved to dismiss Konar's Chapter 13 bankruptcy petition. See id.

3

On May 6, 2019, Konar moved to reconsider the bankruptcy court's denial of Konar's objection to claim and order sustaining the objection to confirmation, and to reconsider the dismissal of the adversary proceeding and the denial of her motion for extension of time and motion for reconsideration. See id. at 10–11. On May 24, 2019, the remaining defendants (i.e., appellees) responded in opposition to the motion to reconsider the adversary proceeding. See id. at 11. On June 11, 2019, the bankruptcy court denied Konar's motion to reconsider concerning the adversary proceeding and the motion for reconsideration and extension of time. See [D.E. 1-1]. On June 13, 2019, the bankruptcy court dismissed Konar's Chapter 13 petition and sustained U.S. Bank and Ocwen's objection to the confirmation of the Chapter 13 Plan. See [D.E. 1-2]. On June 20, 2019, Konar filed a notice of appeal. See [D.E. 1].

II.

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts. In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand Partners, 242 F.3d 6, 13 (1st Cir. 2001); Mort Ranta v. Gorman, 721 F.3d 241, 246 (4th Cir. 2013); McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986). No uniform rule, however, has been developed to determine when an order or judgment is final. See In re Comput. Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005). "[A]n order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341 (5th Cir. 2006) (per curiam) (unpublished) (alteration omitted); Morta Ranta, 721 F.3d at 246; McDow, 562 F.3d at 287; In re Comput. Learning Ctrs., Inc., 407 F.3d at 660. The bankruptcy court's order denying Konar's motion for reconsideration is a final order. Thus, this court has

4

jurisdiction to hear this appeal. In doing so, the court may consider the original papers and exhibits, the transcript of proceedings, and the docket. See Fed. R. App. P. 10(a); Union Bank v. Blum, 460 F.2d 197, 202 (9th Cir. 1972); In re Bartlett, 92 B.R. 142, 143 (E.D.N.C. 1988).

In a bankruptcy appeal, the district court reviews conclusions of law de novo and findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006); In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006). A district court reviews a bankruptcy court's denial of a Rule 60(b) motion for abuse of discretion. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc); In re Carlson, 372 B.R. 32, 33 (BAP 8th Cir. 2007); In re E-Z Serve Convenience Stores, Inc., 318 B.R. 631, 635 (M.D.N.C. 2004); Angell ex rel. Williams v. Echols, No. 7:10-CV-136-D, 2011 WL 12876343, at *4 (E.D.N.C. Mar. 14, 2011) (unpublished). "An abuse of discretion will only be found if the bankruptcy court's judgment was based on clearly erroneous factual findings or on erroneous legal conclusions." In re Carlson, 372 B.R. at 33 (footnote omitted). Moreover, an "appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Dir., Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978).

To obtain relief under Federal Rule of Civil Procedure 60(b), a moving party must first demonstrate that its motion is timely, that it has a meritorious claim or defense, that the nonmoving party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances justify relief. See, e.g., Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If the moving party does so, then the moving party also must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266; see Specialized Loan Servicing, LLC v. Devita,

610 B.R. 513, 519 (E.D.N.C. 2019). These include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Konar has failed to articulate an argument concerning the threshold showing under Rule 60, much less prove the threshold showing. Cf. [D.E. 19] 6–41; Specialized Loan Servicing, LLC, 610 B.R. at 519–20. Instead, Konar erroneously focuses on the underlying judgment, which is not subject to review under Rule 60. See Browder, 434 U.S. at 263 n.7. Moreover, Konar has failed to prove the threshold showing or any of the six grounds for relief under Rule 60(b). See, e.g., Robinson, 599 F.3d at 412–13; Specialized Loan Servicing, LLC, 610 B.R. at 520–23. Thus, the bankruptcy court did not abuse its discretion in denying Konar's motion to reconsider the order denying her motion for extension of time and motion for reconsideration. Accordingly, the court affirms the bankruptcy court's denial of Konar's motion.

## III.

In sum, the court AFFIRMS the bankruptcy court's denial of Konar's motion to reconsider the order denying her motion for extension of time and motion for reconsideration [D.E. 1-1],

GRANTS B&S and TSC's motion for dismissal from the appeal [D.E. 12], and DENIES as moot Konar's joinder motions [D.E. 17, 18].

SO ORDERED. This 23 day of March 2020.

*/s/ James C. Dever*
JAMES C. DEVER III
United States District Judge